Benjamin Brenner, J.
When the court at pretrial orders an impartial medical report as to a doubtful claim of protracted injuries common decency demands that the doctor be informed of Ms impartial status prior to the examination. It seems to me quite reprehensible for plaintiffs’ attorney, as an officer of the court, to deliberately withhold such information from the doctor and to present Ms client for the court-directed examination in the guise of one seeking expert opirnon preparatory to trial, particularly when the cost for the examination is to be paid by the defendants. While I entertain the highest regard for the integrity of the neurologist chosen by me and am satisfied that his report would be the same whether or not he was made aware that his examination was court directed, its nature is altered and the estimate of injury becomes suspect by defendants if the examination is conducted by the doctor on a doctor-patient basis or as a prospective medical expert upon trial. I would not hesitate to grant defendants’ motion to revoke the rule 9 calendar preference (Kings County Supreme Court Trial Term Rules), heretofore granted, which I believe the court has ample power to do under rules 2, 8 and 9 of the rules of this court, but for the fact that I am constrained to believe that, based on all the current medical proof, plaintiffs deserve to retain their calendar preference. In my view, a revocation of plaintiffs’ preference because of their attorney’s questionable practice would constitute undue punishment of the parties rather than of the attorney, and, in any case, would be unwarranted as beyond the power of the court. Motion to revoke preference denied. This disposition is without prejudice to any application defendants may be advised to make upon trial concerning the aforesaid court-directed examination or concerning the cost thereof.
Submit order.